UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7588 FMO (RAOx) | Date | October 24, 2016 |
|---|---|---|---|
| Title | Travelers Property Casualty Co. of America v. Truckaan Wale 22, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause re Forum non Conveniens

On October 12, 2016, plaintiff Travelers Property Casualty Company of America ("Travelers" or "plaintiff"), individually and as subrogee of third party Coyote Logistics, LLC ("Coyote" or "third party"), filed its Complaint against defendant Truckaan Wale 22, Inc. ("Truckaan" or "defendant") alleging: (1) liability under the Carmack Amendment to the Interstate Commerce Act ("Carmack"), 49 U.S.C. § 14706; (2) indemnity under Carmack; and (3) contractual indemnity. (See Dkt. 1, Complaint at ¶¶ 9-21). Specifically, Travelers seeks indemnity against Truckaan under the terms of a Broker-Carrier Agreement (Dkt. 1-1) between Coyote and Truckaan. (See Dkt. 1, Complaint at ¶ 7). Under that agreement, Coyote contracted with Truckaan to ship a cargo of coconut water from New Jersey to California. (See id. at ¶ 4). That cargo was destroyed when Truckaan's truck and trailer caught fire prior to reaching its final destination. (See id. at ¶ 6).

The Broker-Carrier Agreement contains a choice of forum provision, which provides that "[a]ny legal action under or pursuant to this [Broker-Carrier] Agreement shall be brought and maintained only in the courts of Cook County, Illinois or Fulton County, Georgia." (Dkt. 1-1, Broker-Carrier Agreement at § 11.N, ECF 16).

In determining forum non conveniens, a court typically must evaluate both the convenience of the parties and various public-interest considerations, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 258 n. 6 (1981) (listing factors relating to private and public interests). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." Atl. Marine Const. Co. v. U.S. Dist. Court, 134 S.Ct. 568, 581 (2013) (internal quotation marks omitted). "First, the plaintiff's choice of forum merits no weight." Id. Second, the court does not consider the parties' private interests, and instead considers only the public interest factors. See id. at 582 ("[A] district court may consider arguments about public-interest factors only."). Finally, "plaintiff bears the burden of establishing that [dismissal or transfer] is unwarranted." Id. at 581.

The public-interest factors a court must consider "include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-7588 FMO (RAOx)** | Date | **October 24, 2016** |
|---|---|---|---|
| Title | **Travelers Property Casualty Co. of America v. Truckaan Wale 22, Inc.** | | |

and the interest in having the trial of a diversity case in a forum that is at home with the law." Atl. Marine, 134 S.Ct. at 581 n. 6 (internal quotation marks omitted); In re: CytRx Corp. Stockholder Derivative Litig., 2015 WL 9871275, *2 (C.D. Cal. 2015) (same). The public interest factors will rarely limit transfer or dismissal, because "[i]n all but the most unusual cases, . . . the interest of justice is served by holding parties to their bargain." Atl. Marine, 134 S.Ct. at 582-83 (internal quotation marks omitted). As such, "the practical result is that forum-selection clauses should control except in unusual cases." Id. at 582.

Based on the foregoing, IT IS ORDERED THAT no later than **October 28, 2016**, plaintiff shall file a Response, not to exceed five (5) pages, addressing why this action should not be transferred to the Northern District of Illinois or Northern District of Georgia. Should the court transfer this action, plaintiff must specify whether the transfer should be to Illinois or Georgia. Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for failure to comply with a court order, see Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); or (2) the transfer of the instant action to the appropriate venue.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |